UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES H. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0029-CVE-FHM |
| ) | |
| **JO ANNE B. BARNHART, Commissioner** ) | |
| **Social Security Administration** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On February 9, 2006, United States Magistrate Judge Frank H. McCarthy entered a Report and Recommendation (Dkt. # 23) on plaintiff's request for judicial review of a decision of the Commissioner of the Social Security Administration denying him benefits under the Social Security Act ("SSA"). The magistrate judge found that the decision of the Administrative Law Judge ("ALJ") who made the decision on behalf of the Commissioner was supported by substantial evidence and contained a sufficient basis to determine that the Commissioner had applied the correct legal standards. Accordingly, the magistrate judge recommended that the decision of the Commissioner denying benefits be affirmed.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Accordingly, the Court has conducted a de novo review. The plaintiff argues that the ALJ erred by (1) failing to fully develop the record; (2) improperly determining that work as a night stocker was substantial gainful activity; and (3) failing to follow the required Step 4 analysis. The magistrate judge correctly found no merit to these arguments.

The Report and Recommendation sets forth the relevant background. In short, the plaintiff claims to be unable to work because of brain injuries he suffered in a 1988 motorcycle accident. He received SSA benefits commencing July 21, 1988, but those benefits were discontinued in August 2000 because plaintiff returned to work. He applied for benefits again on August 3, 2003. The Commissioner conducted two hearings at which plaintiff appeared with counsel. The ALJ who rendered the decision found that, although plaintiff has severe impairments, he retained the residual functional capacity to return to his past relevant work as a night stocker.

Plaintiff faults the ALJ for not obtaining relevant medical information regarding plaintiffs' 1988 injury and for failing to order mental testing for plaintiff. He also argues that he never performed his night stocker job at a level consistent with substantial gainful activity. Plaintiff faults the magistrate judge for relying, in part, on representations by plaintiff's counsel in rejecting these arguments.

As set forth by the magistrate judge, at the first hearing the ALJ determined to hold the record open at the request of plaintiff's counsel. At the second hearing, plaintiff's counsel told the ALJ that the record was fully developed and complete. Administrative Record ("R."), Dkt. # 17, at 180. Plaintiff's counsel also acknowledged that plaintiff's work could constitute substantial gainful activity and qualified as plaintiffs' past relevant work. R. 172, 181. "'[T]he ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims were adequately explored,' and the ALJ 'may ordinarily require counsel to identify the issue or issues requiring further development.'" Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) (quoting Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997)).

The plaintiff argues that plaintiff's trial counsel was incompetent and that there are exceptions to Branum and Hawkins where the claimant makes a showing that something of significance is

2

missing from the record, Branum, 385 F.3d at 1272, or the need for further development of the issues is clearly established in the record, Hawkins, 113 F.3d at 1168. Plaintiff relies on Baca v. Dep't of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993), to assert that, even when a claimant is represented by counsel, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. In this case, according to plaintiff, that includes obtaining further medical evidence as to his alleged mental impairments.

The Court finds that, to the extent the comments in Branum and Hawkins can be considered "exceptions," plaintiff has not made a showing that either one exists; further, the ALJ fulfilled his duty of inquiry. As set forth in the Report and Recommendation, the ALJ questioned the plaintiff at the hearing about his prior period of disability and plaintiff testified as to his prior applications and the basis for this alleged injuries. See R. at 165-66, 190-97. The evidence before the ALJ included, among other things, the report from a consultative examiner on behalf of the SSA that detailed plaintiff's history, complaints, and limitations. R. 113-16. The ALJ accepted the examiner's assessment, as well as the assessment of other mental health professionals, and incorporated them into his findings. R. 19-21.

Plaintiff asserts that the ALJ should have ordered additional mental testing, given Listing 12.02 of the applicable regulations, see 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02A. Yet, as the magistrate judge pointed out, plaintiff did not allege that his condition met the Listing, and the ALJ fully incorporated plaintiff's claimed limitations into his findings. See R. 21, 186. Plaintiff did not demonstrate that mental tests were necessary for the ALJ to resolve the issue of impairment. The ALJ properly analyzed plaintiff's mental impairment pursuant to 20 C.F.R. § 416.920a.

As to the representations by counsel for plaintiff regarding plaintiff's past relevant work, the record confirms that plaintiff performed his night stocker job at a level consistent with substantial

gainful activity. The ALJ obtained factual information about the work demands of plaintiff's past relevant work as a night stocker and his ability to return to that work in light of his residual functional capacity ("RFC"). Plaintiff testified as the impairments arising from his 1988 injuries, as well as the subsequent work he performed as a night stocker. R 181-83. He did not assert that his condition had changed or worsened since he performed that work. The vocational expert described the stocker job and testified that, with the RFC assessment given by the ALJ, plaintiff could return to that job. R. 200-02. There is no evidence to contradict the ALJ's finding that plaintiff's job as a night stocker constituted both substantial gainful activity and past relevant work.

The fact that plaintiff received benefits for 12 years on the basis of a prior application does not mean that he is entitled to receive benefits based on the current application. Nor does it impose a duty on the ALJ to review the prior record. Indeed, plaintiff's demonstrated ability to perform substantial gainful activity, despite his limitations, led to the termination of benefits under the prior application and precludes benefits under the current application. Plaintiff did not carry his burden to show that he is entitled to disability benefits under the Social Security Act. Finding no error in the ALJ's decision, judgment for the defendant will be entered in this case.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 23) is hereby **accepted**; the Plaintiff's Objections (Dkt. # 24) are **overruled**; and the Commissioner's decision is **affirmed**.

**DATED** this 21st day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT